Filing # 67811145 E-Filed 02/12/2018 10:43:02 AM

IN THE COUNTY COURT IN AND
FOR ORANGE COUNTY, FLORIDA

Case No.   2018-SC- *00329/* -O

CARL A. ALLEN,

      Plaintiff,

vs.

F.H. CANN & ASSOCIATES, INC.
a foreign corporation,

      Defendant.

_____/

## STATEMENT OF CLAIM

      Plaintiff, CARL A. ALLEN, by and through his undersigned counsel, hereby files his Statement of Claim, sues the Defendant, F.H. CANN & ASSOCIATES, INC., and alleges as follows:

      1.      This is an action for damages not exceeding Two-Thousand, Five-Hundred Dollars ($2,500.00), exclusive of attorney fees and costs.

      2.      This lawsuit is for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692-1692o and Florida Consumer Collection Practices Act (FCCPA"), seeking actual damages, statutory damages, attorney's fees and costs.

      3.      Plaintiff, CARL A. ALLEN, (hereinafter referred to as "Plaintiff" or "ALLEN"), brings this action for illegal practices of Defendant in connection with its attempts to collect an alleged debt from him.

      4.      Plaintiff alleges, among other things, that Defendant, F.H. CANN & ASSOCIATES, INC. violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559, et seq.

- 1 -

("FCCPA").

     5.     The FDCPA regulates the behavior of collection agencies attempting to collect a debt.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

     6.     The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation.  The Eleventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer."  *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010).

     7.     To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain per se violations of harassing and abusive collection conduct.  15 U.S.C. § 1692d(1)-(6).

## I.  PLAINTIFF

8.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55.

9.      Plaintiff is a "debtor" as that term is defined by Fla. Stat. § 559.55(2).

## II.   PARTIES - DEFENDANT

10.     Defendant, F.H. CANN & ASSOCIATES, INC. collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

11.     Defendant, F.H. CANN & ASSOCIATES, INC. is a business, the principal purpose of which is the collection of debts.

12.     Defendant, F.H. CANN & ASSOCIATES, INC. is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6).

13.     Defendant has knowledge and control of the collection activities of their agents and representatives, including but not limited to supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors, for the alleged debt that is the subject of this lawsuit.

## III. FACTS

14.     Plaintiff, CARL A. ALLEN, is alleged to have incurred a financial obligation and is alleged to have defaulted on that obligation.

15.     The foregoing alleged financial obligation is a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(1).

16.     From July of 2017 to the present, Defendant placed collection calls to the Plaintiff

's family members.

17.     When calling the Plaintiff's family, Defendant's representatives left a

number for him, Plaintiff, to call:  978-645-2137.

18.     After receiving the calls and messages, Plaintiff called the number, 978-

645-2137, and spoke with the Defendant's representative.

19.     During calls with Defendant's representatives, including the one referred

to above:

    a. Defendant's representative was a very rude female who said they were calling Plaintiff's family members since he owed them money;

    b. In the foregoing conversation, Defendant's representative told Plaintiff that he was lying and just trying to avoid them;

    c. After this conversation ended, Plaintiff called back to speak to a supervisor or manager.  Plaintiff talked at length with this person and was able to clarify that Plaintiff was not the person they were looking for (wrong middle name and social security number);

    d. Defendant's representative apologized and advised Plaintiff that they had updated their records and that no further collection calls would be made;

    e. Plaintiff then realized who Defendant was looking for and it happened to be his cousin.   Plaintiff then called the supervisor back to let him know that fact;

    f. Even after the illuminating exchanges described above, the collection calls did not stop.

20.     As a result of the foregoing, Plaintiff has experienced considerable worry,

embarrassment, frustration, anger, distress, and concern.


# COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

- 4 -

21.     Plaintiff sues the Defendant, F.H. CANN & ASSOCIATES, INC. and repeats and realleges the allegations in paragraphs 1 through 20 hereof.

22.     The collection calls from Defendant, F.H. CANN & ASSOCIATES, INC. and its attempt to collect a debt, were in violation of Section 808 of the FDCPA, 15 U.S.C. §1692f(1) which provides:

> § 808. Unfair practices
>
> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.   Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1)   The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

23.     Defendant had no right to claim the amount due from Plaintiff and such charges were not authorized by agreement.

24.     Plaintiff does not owe the debt that was the subject of Defendant's collection calls.

## TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7, Fed.R.Civ.P. 38.

WHEREFORE, Plaintiff prays for this Court:

a.     To declare that Defendant, F.H. CANN & ASSOCIATES, INC. has violated the FDCPA;

b.     To award Plaintiff actual damages sustained as a result of the Defendant's failure

- 5 -

to comply with the FDCPA, including pain and suffering and loss of income;

    c.    To award Plaintiff statutory damages not to exceed $1,000.00;

    d.    To award Plaintiff reimbursement for such expenses as have been required to expend to prosecute this claim;

    e.    To award Plaintiff his reasonable attorney's fees pursuant to 15 U.S.C. §1692k;

    f.    To award such other and further relief as the Court deems proper.

## COUNT II
## FAIR DEBT COLLECTION PRACTICES ACT

25.    Plaintiff sues the Defendant, F.H. CANN & ASSOCIATES, INC. and repeats and realleges the allegations in paragraphs 1 through 20 hereof.

26.    The collection calls to Plaintiff from Defendant, F.H. CANN & ASSOCIATES, INC. and its attempt to collect a debt was in violation of Section 807 of the FDCPA, 15 U.S.C. §1692e(1) which provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>         *            *            *            *
>
>   (2) The false representation of—
>
>   (A ) the character, amount, or **legal status of any debt;**
> (emphasis supplied).

27.    The legal status of the debt that was that it was invalid and not owed by Plaintiff.

## TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so

triable. US Const. amend. 7, Fed.R.Civ.P. 38.

WHEREFORE, Plaintiff prays for this Court:

a.    To declare that Defendant, F.H. CANN & ASSOCIATES, INC. has violated the FDCPA;

b.    To award Plaintiff actual damages sustained as a result of the Defendant's failure to comply with the FDCPA, including pain and suffering and loss of income;

c.    To award Plaintiff statutory damages not to exceed $1,000.00;

d.    To award Plaintiff reimbursement for such expenses as have been required to expend to prosecute this claim;

e.    To award Plaintiff his reasonable attorney's fees pursuant to 15 U.S.C. §1692k;

f.    To award such other and further relief as the Court deems proper.

## COUNT III
## FAIR DEBT COLLECTION PRACTICES ACT

28.    The allegations in paragraphs 1 through 20 are incorporated by reference herein.

29.    The telephone calls from the Defendant's employees to Plaintiff's family were in violation of Section 805 of the FDCPA, 15 U.S.C. §1692c which provides:

> *        *        *        *        *
> (b)  COMMUNICATION WITH THIRD PARTIES.  . . . a debt collector may not communicate, in connection with the collection of any debt, with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

30.    The acts and omissions of Defendant's agents, and the other debt collectors employed as agents by Defendant who communicated with Plaintiff and others as described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

- 7 -

TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7, Fed.R.Civ.P. 38.

WHEREFORE, Plaintiff prays for this Court:

g.       To declare that Defendant has violated the FDCPA;

h.       To award Plaintiff actual damages sustained as a result of the Defendant's failure to comply with the FDCPA;

i.       To award the Plaintiff statutory damages not to exceed $1,000.00;

j.       To award Plaintiff reimbursement for such expenses as have been required to expend to prosecute this claim;

k.       To award Plaintiff her reasonable attorney's fees pursuant to 15 U.S.C. §1692k;

l.       To award such other and further relief as the Court deems proper.

## COUNT IV
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

31.       Plaintiff sues the Defendant, F.H. CANN & ASSOCIATES, INC. and repeats and realleges the allegations in paragraphs 1 through 20 hereof.

32.       Plaintiff is an individual who resides in the State of Florida.

33.       Plaintiff is a "debtor" or "consumer" as defined by §559.55(2), Fla. Stat.

34.       Defendant is a person as defined in §1.01(3), Fla. Stat.

35.       Section 559.72 of the Florida Statutes provides, in part, as follows:

Prohibited practices generally. — In collecting consumer debts, no person shall:

- 8 -

\*          \*      \*          \*

(9)  Claim, attempt, or threaten to enforce a debt when such
person knows that the debt is not legitimate, or assert the existence
of some other legal right when such person knows that the right
does not exist.

36.    The claim that was the subject of Defendant's collections calls was not legitimate.

37.    Defendant has knowledge and control of the collection activities of its agents and

representatives, including but not limited to supervisors, managers, affiliates, subsidiaries,

divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or

contractors, for the alleged debt that is the subject of this law lawsuit.

38.    The conduct on the part of the Defendant as alleged herein evidences a purpose to

inflict insult and injury, or was wholly without excuse."  (*Story v JM Fields*, 343 So. 2d 675 (Fla

First DCA 1977).

39.    All conditions precedent to the filing of this action have occurred, been fulfilled

or waived.

40.    Plaintiff's damages pursuant to Florida Statutes including §559.77 have continued

and are continuing as of the filing of this complaint.

41.    As a result of the above violations of the Florida Consumer Collection Practices

Act, the Defendant is liable to the Plaintiff for injunctive and declaratory relief and actual

damages, statutory damages, and attorney's fees and costs.

42.    Plaintiff is entitled to damages under Fla. Stat. §559.77.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the

Defendant, F.H. CANN & ASSOCIATES, INC., for the following:

- 9 -

A.       Declaratory judgment that Defendant's conduct violated the Florida Consumer Collection Practices Act and declaratory and injunctive relief for the Defendant's violations of the FCCPA.

B.       That Defendant be enjoined from any and all further illegal collection practice.

C.       Actual damages pursuant to Fla. Stat. §559.77(2).

D.       Statutory damages against each Defendant pursuant to Fla. Stat. §559.77(2).

E.       To award Plaintiff punitive damages;

F.       Costs and reasonable attorney's fees pursuant to Fla. Stat. §559.77(2).

G.       For such other and further relief as may be just and proper.


*N. James Turner*
N. James Turner, Esq.
Counsel for Plaintiff
Florida Bar No. 0203041
100 S. Bumby Avenue
Orlando, FL 32803
(888) 877-5103
Email address:  njtlaw@gmail.com